OPINION
Defendant-appellant Harold D. Brown appeals the August 19, 1999 Judgment Entry of the Licking County Court of Common Pleas which denied his Motion for Post Conviction Relief. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS
On February 18, 1994, a jury found appellant guilty of complicity to aggravated robbery with a firearm specification in violation of R.C. 2923.03 and 2941.141 respectively, and receiving stolen property in violation of R.C. 2913.51. In a February 22, 1994 Judgment Entry, the trial court sentenced appellant to an indeterminate term of nine to twenty-five years for the aggravated robbery, and one year for the receiving stolen property. The trial court ordered the terms to be served consecutively. On March 2, 1994, appellant filed his notice of appeal. In an April 2, 1995 Opinion, this Court affirmed the conviction and sentence. On September 19, 1996, appellant filed a Petition to Vacate Conviction and Set Aside Sentence pursuant to R.C. 2953.21. Therein, appellant argued his trial counsel was prejudicially ineffective for failing to investigate, research, or develop the record regarding a handwritten note allegedly written by his co-defendant, Antonio Hancock, and given by appellant to his trial counsel prior to trial. Mr. Hancock gave a full confession after he was arrested, including incriminating statements about appellant. However, Hancock later wrote a letter claiming he said nothing incriminating about appellant in his statement to the police. Apparently, Mr. Hancock was prepared to testify at appellant's trial in accordance with the statements in his letter. For strategic reasons, appellant's trial counsel decided not to use Mr. Hancock's testimony. Appellant attached a copy of the note allegedly written by Hancock and an affidavit from defense counsel to his petition. In a Judgment Entry filed October 22, 1996, the petition was denied without an evidentiary hearing. On February 4, 1997, appellant filed a Motion for a Delayed Appeal. Said motion was granted by this Court on February 21, 1997. Subsequently, appellant filed in the trial court a "Request for Findings of Fact and Conclusions of Law" relative to that court's denial of his petition to vacate conviction and set aside sentence. On March 17, 1997, the trial court issued its Findings of Fact and Conclusions of Law, wherein it explained appellant's petition was denied on the grounds 1) the handwritten note allegedly written by Hancock would not have been admissible, 2) defense counsel's failure to attempt to admit said note into evidence was a matter of trial strategy. In a June 6, 1997 Opinion, this Court found a hearing on the issue was necessary. On July 7, 1997, the trial court held an evidentiary hearing on the post conviction relief motion. In a July 23, 1997 Judgment Entry, the trial court, after reviewing all of the evidence elicited at the hearing, denied appellant's petition in its entirety. On the same day, appellant filed another appeal with this Court. Via a September 8, 1997 Judgment Entry, this Court dismissed the appeal at appellant's request. Appellant filed another Notice of Appeal on September 18, 1997. Because it was outside the thirty day time limit imposed by App. R. 4(A), and because appellant did not obtain leave to file a delayed appeal pursuant to App. R. 5, we dismissed the appeal for lack of jurisdiction in an April 30, 1998 Opinion. On July 22, 1999, appellant filed his second petition for post conviction relief. In an August 19, 1999 Judgment Entry, the trial court denied appellant's motion, finding appellant had not established he was "unavoidably prevented from discovery of the facts which the petitioner must rely upon to present the claim for relief." It is from that judgment entry appellant prosecutes this appeal, assigning the following as error:
 I. THE TRIAL COURT ABUSED IT'S DISCRETION WHEN IT FAILED TO VACATE AND SET ASIDE THE DEFENDANT'S CONVICTION AFTER A CLEAR SHOWING OF A DUE PROCESS VIOLATION BY TRIAL COUNSEL.
 II. THE DEFENDANT'S CONVICTION IS VOIDABLE AS HIS COUNSEL FAILED TO INVESTIGATE, INTERVIEW, AND SUBPOENA ANTONIO HANCOCK TO TESTIFY AT THE DEFENDANT'S TRIAL.
 III. THE DEFENDANT WAS PREJUDICED BY THE PROSECUTORS USE OF A FALSE STATEMENT; THAT DETERRED TRIAL COUNSEL FROM FULFILLING HER DUTY TO INVESTIGATE, INTERVIEW, AND SUBPOENA ANTONIO HANCOCK TO TESTIFY AT THE DEFENDANT'S TRIAL.
This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part: (E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form.
This appeal shall be considered in accordance with the aforementioned rule.
 I, II III
Because each assignment raises the same issues raised in appellant's previous petition for post conviction relief, we find his claims barred by the doctrine of res judicata. We note appellant cannot circumvent his failure to timely appeal the July 7, 1997 Judgment Entry by now attempting to file a second petition for post conviction relief based upon the same grounds. Appellant's first, second, and third assignments of error are overruled.
The judgment of the Licking County Court of Common Pleas is affirmed.
By: Hoffman, J. Wise, P.J. and Farmer, J. concur